**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:20-cv-21887-GAYLES

**COMMODITY FUTURES TRADING COMMISSION**,

    Plaintiff,

v.

**DANIEL FINGERHUT,**
**DIGITAL PLATINUM, INC.,**
**DIGITAL PLATINUM, LTD.,**
**HUF MEDIYA (A.K.A. HOOF MEDIA),**
**TAL VALARIOLA, and ITAY BARAK**,

    Defendants,

**AICEL CARBONERO**,

    Relief Defendant.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendants Tal Valariola, Itay Barak, and Digital Platinum, Ltd.'s Joint Expedited Motion for Stay of Orders Pending Appeal (the "Motion") [ECF No. 45]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied in part and granted in part.

**I.    BACKGROUND**

On May 5, 2020, Plaintiff Commodity Futures Trading Commission (the "CFTC") filed its Complaint for Permanent Injunction and Other Relief against Defendants Daniel Fingerhut ("Fingerhut"), Digital Platinum, Inc. ("DPI"), Digital Platinum, Ltd. ("DPL"), Huf Mediya (a.k.a. Hoof Media), Tal Valariola ("Valariola"), and Itay Barak ("Barak") (collectively, "Defendants"). [ECF No. 1]. The next day, the CFTC filed expedited motions for preliminary injunction, [ECF

1

No. 11], appointment of a temporary receiver, [ECF No. 12], and expedited discovery, [ECF No. 14]. Following a telephonic status conference on May 7, 2020, the Court granted in part the CFTC's motion for expedited discovery, [ECF No. 32], and appointed Melanie Damian as a temporary receiver (the "Temporary Receiver"), [ECF No. 33]. In doing so, the Court considered the allegations in the Complaint; the sworn declaration of the CFTC's investigator, Joseph Patrick, [ECF No. 13-2, Ex. 1]; additional evidence attached to the CFTC's preliminary injunction motion, [ECF No. 13-2]; and the parties' representations at the telephonic status conference.

On May 13, 2020, Defendants Valariola, Barak, and DPL (collectively, the "Israeli Defendants") filed the instant Motion. The Israeli Defendants ask the Court to stay, or, in the alternative, vacate its Orders granting expedited discovery and appointing the Temporary Receiver. The crux of the Israeli Defendants' argument is that because the CFTC has not yet perfected service upon them, both Orders are invalid. The Court denies the Motion as it relates to its Order appointing the Temporary Receiver and vacates its discovery Order.

## II. DISCUSSION

### A. Temporary Receiver Appointment

The Court has broad equitable powers to stop misconduct and to preserve the status quo when there is good cause to do so. In a civil enforcement proceeding, the Court may exercise its full range of equitable powers "to order preliminary relief, including an asset freeze, that may be needed to make permanent relief possible." *F.T.C. v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1434 (11th Cir. 1984). The principles under which the Court may exercise these inherent powers are "unambiguous[:]"

> Unless otherwise provided by statute, all the inherent equitable powers of the District Court are available for the proper and complete exercise of that jurisdiction. And since the public interest is involved in a proceeding of this nature, those equitable powers assume an even broader and more flexible character than when

> only a private controversy is at stake. *Virginian R. Co. v. System Federation*, 300 U.S. 515, 552 (1937). Power is thereby resident in the District Court, in exercising this jurisdiction, "to do equity and to mould each decree to the necessities of the particular case." *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944). Moreover, the comprehensiveness of this equitable jurisdiction is not to be denied or limited in the absence of a clear and valid legislative command. Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. . . .

*Id.* (citing *Porter v. Warner Holding Co.*, 328 U.S. 395, 397–98 (1946)). The Israeli Defendants fail to present, and the Court is unaware of, any authority preventing the Court from exercising its equitable powers to appoint a temporary receiver in advance of the preliminary injunction hearing under the circumstances present in this case.

It is well settled that courts may exercise their broad equitable powers by granting *ex parte* temporary restraining orders before a defendant has been served and given an opportunity to respond. *See* Fed. R. Civ. P. 65(b) (permitting the issuance of "a temporary restraining order without written or oral notice to the adverse party"); *see also H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842 (7th Cir. 2012) (describing the idea that a district court could not enter such orders prior to formal service of process or the appearance of counsel as "preposterous"). Indeed, this Court has entered such orders. *See, e.g., Federal Trade Commission v. Simple Health Plans, LLC, et al.*, No. 18-cv-62593-GAYLES (S.D. Fla. Oct. 31, 2018); *Federal Trade Commission v. World Patent Marketing, Inc. et al.*, No. 17-cv-20848-GAYLES (S.D. Fla. Mar. 8, 2017).

It follows then that courts may also exercise their equitable powers to appoint a *temporary* receiver in the absence of service. *See, e.g., Arkansas Louisiana Gas Co. v. Kroeger*, 303 F.2d 129, 132 (5th Cir. 1962) ("[A] court of equity does have the power and authority to make an *ex parte* appointment of a receiver.") (citations omitted); *Porter v. Cooke*, 7 F. Supp. 724 (W.D. La. 1933) (holding that written notice of application for appointment of receiver was sufficient without

3

formal service). This makes sense. The basis for appointing a temporary receiver is the same as that underpinning an *ex parte* temporary restraining order: to preserve the status quo for a limited duration until the parties may be heard. *See Bookout v. Atlas Fin. Corp.*, 395 F. Supp. 1338, 1342 (N.D. Ga. 1974), *aff'd sub nom. Bookout v. First Nat. Mortg. & Disc. Co.*, 514 F.2d 757 (5th Cir. 1975) ("The appointment of a receiver certainly is not made for the purpose of destroying the rights of persons, but rather, that their rights may be made more secure.") (citation omitted).

The Court finds good cause to continue the appointment of the Temporary Receiver in this limited instance as the CFTC presented the Court with sufficient evidence to justify an *ex parte* temporary restraining order when it initiated the case. The CFTC provided the Court with a sworn declaration from its investigator, Joseph Patrick. [ECF No. 13-2, Ex. 1]. Patrick alleges that at least between June 2014 and October 2016, DPL, through Valariola and Barak, and Fingerhut partnered with All In Publishing, LLC ("AIP"), a Florida company where Fingerhut worked during that time, to conduct fraudulent binary options marketing campaigns. *Id.* ¶¶ 17, 20, 35, 38, 40, 74. The campaigns involved sending millions of false or misleading solicitations to prospective customers urging them to fund off-exchange binary options trading accounts. *Id.* ¶¶ 79, 80, 90.

According to Patrick, DPL acted as an intermediary between AIP and binary options brokers and supplied AIP with the automated trading software that was marketed to potential customers. *Id.* ¶ 77. Fingerhut created and disseminated marketing materials for several of AIP's fraudulent campaigns. *Id.* ¶ 74. As a result of this scheme, at least 51,197 new customers opened and funded binary options trading accounts. *Id.* ¶ 40. When the binary options scheme ended, Fingerhut and DPL immediately turned to a similar scheme involving digital assets that took place between October 2016 and August 2018. *Id.* ¶¶ 25, 86, 88. This scheme led to at least 8,043 new customers opening and funding digital assets accounts. *Id.* ¶ 41. Fingerhut received payments to

an account for which he was the sole signatory totaling over $500,000 in relation to the binary options and digital assets schemes. *Id.* ¶¶ 24–25. He used a portion of these funds to pay off his mortgage in July 2018, *id.* ¶ 30, and then quit-claimed the deed to Relief Defendant Aicel Carbonero in August 2018, *id.* ¶ 31. For its part in the digital assets fraud, DPL received over $3 million. *Id.* ¶¶ 37, 41.

Valariola and Barak's conduct since the CFTC began its investigation further supports the need for the continued appointment of the Temporary Receiver. The record reflects that Valariola and Barak have since dissolved DPI, the United States subsidiary of DPL. *Id.* ¶ 17. And, based on their representations to the Court at the motions hearing on May 20, 2020, Valariola and Barak continue to operate an online marketing business. Finally, Valariola and Barak could not provide the Court with any assurances at the motions hearing that they would cease all fraudulent activity, retain evidence, and freeze their assets.

Based on the foregoing, and weighing the equities, the Court finds good cause to continue the appointment of the Temporary Receiver until the preliminary injunction hearing in order to preserve the status quo, including the preservation of evidence and assets, and to ensure that Defendants' businesses are lawfully run. Accordingly, the Court denies the Motion as it relates to the appointment of the Temporary Receiver.

      **B.**      **Expedited Discovery**

Upon further consideration, the Court vacates its Order permitting expedited limited discovery in advance of the preliminary injunction hearing. At the motions hearing on May 20, 2020, the CFTC could not articulate what discovery it sought or the specific need for any such discovery. Notably, the CFTC has not yet perfected service upon the Israeli Defendants, and all Defendants must have adequate time to prepare for the preliminary injunction hearing. Under these

circumstances, the Court does not find a sufficient basis to order Defendants to participate in discovery at this time.

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants Tal Valariola, Itay Barak, and Digital Platinum, Ltd.'s Joint Expedited Motion for Stay of Orders Pending Appeal, [ECF No. 45], is **DENIED in part and GRANTED in part**; and

2. The Court's Order granting the CFTC's Expedited Motion for Expedited Discovery, [ECF No. 32], is **VACATED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 26th day of May, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE