UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL FINGERHUT,<br>DIGITAL PLATINUM, INC.,<br>DIGITAL PLATINUM, LLC, HUF MEDIYA, LTD<br>(a.k.a HOOF MEDIA LTD.), TAL VALAROLA and<br>ITAY BARAK<br><br>Defendants,<br><br>AICEL CARBONERO<br><br>Relief Defendant. | Case No.: 20-Civ-21887-GAYLES |

**ORDER GRANTING PLAINTIFF'S**
**SECOND MOTION FOR ALTERNATIVE SERVICE**

**THIS CAUSE** comes before the Court on Plaintiff's Second Motion for Alternative Service (the "Motion") Defendants Tal Valariola ("Valariola"), Itay Barak ("Barak"), and Digital Platinum Ltd. ("Ltd.") ("Israeli Defendants") pursuant to Federal Rule of Civil Procedure 4(f)(3) and 4(h)(2). [ECF No. ___]. The Court has reviewed the Motion and the record and is otherwise fully advised. The Court finds good cause to authorize alternative service via UPS and email because those methods are reasonably calculated to provide notice to defendants. The Court

further authorizes the Commission to file the return or electronic receipt (or substantially similar documents) as proof of service upon delivery via UPS and to file the transmission emails as proof of service pursuant to Federal Rule of Civil Procedure 4(l)(2)(B). Specifically:

1. The Court finds that Israeli Defendants reside in Israel.

2. The Court finds that service via UPS, email, and email to counsel in the United States for Israeli Defendants is not expressly prohibited by any international agreement.

3. The Court further find that service via email directly to Israeli Defendants and to counsel for Israeli Defendants comports with constitutional notions of fairness under the circumstances because it will provide Israeli Defendants notice of the Complaint and an opportunity to raise objections and be heard.

4. Service through international processes and/or international registered mail is impracticable and would create undue delay based on the facts and circumstances applicable here, the nature of this action, and its procedural posture.

5. Accordingly, it is

**ORDERED AND ADJUDGED as follows:**

**1.** Plaintiff's Expedited Motion for Alternative Service [ECF No. ___] is **GRANTED.**

**2.** Plaintiff is authorized to serve the Amended Complaint [ECF No. 101], summons [ECF Nos. 103], and all filings in this matter via UPS, electronic mail directly to Israeli Defendants (talv@digitalplatinum.com, talvalariola@gmail.com, valariolatal@gmail.com, itayb@digitalplatinum.com and itaybarak01@gmail.com), and electronic mail to counsel who have filed an appearance, submitted an application for admission pro hac vice, and/or

otherwise submitted evidence or participated in this matter on behalf of Israeli Defendants (Seth.Taube@BakerBotts.com, jpickholz@pickholzlaw.com, and lmayersohn@mayersohnlaw.com).

3. Plaintiff may file the electronic delivery receipt (or substantially similar documents) and transmission emails as proof of service for Israeli Defendants.

**DONE AND ORDERED** in Chambers in Miami, Florida, this ___ day of June, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE