UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-21887-GAYLES

**COMMODITY FUTURES TRADING COMMISSION**,

    Plaintiff,

v.

**DANIEL FINGERHUT,
DIGITAL PLATINUM, INC.,
DIGITAL PLATINUM, LTD.,
HUF MEDIYA (A.K.A. HOOF MEDIA),
TAL VALARIOLA, and ITAY BARAK**,

    Defendants,

**AICEL CARBONERO**,

    Relief Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE ON DEFENDANT DANIEL FINGERHUT

**THIS CAUSE** comes before the Court on Plaintiff Commodity Futures Trading Commission's (the "CFTC") Motion for Substituted Service on Defendant Daniel Fingerhut (the "Motion") [ECF No. 111]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual to be completed in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Florida Statute § 48.181(1) provides, in pertinent part, that persons who "operate, conduct, engage in, or carry on a business or business venture in [Florida]" and subsequently "conceal [their] whereabouts" may be served through substitute service on the Secretary of State for actions "arising out of any transaction or operation connected with or incidental to the business

1

or business venture[.]" Fla. Stat. § 48.181(1). "The burden of pleading facts that support the applicability of substitute service falls on the party seeking to invoke the provisions of the long-arm statute." *Pinero v. Yam Margate*, L.L.C., 825 F. Supp. 2d 1264, 1265 (S.D. Fla. 2011) (citing *Labbee v. Harrington*, 913 So.2d 679, 682 (Fla. 3rd DCA 2005)). The Court finds good cause to authorize substituted service on Defendant Fingerhut based on the CFTC's compliance with Federal Rule of Civil Procedure 4(e)(1) and Florida Statute § 48.181(1) as follows:

1) The CFTC alleges facts in its Amended Complaint [ECF No. 101] demonstrating that Fingerhut is concealing his whereabouts;

2) The CFTC provided the Court proof that it sent the summons and Amended Complaint to the Florida Secretary of State via registered mail [ECF No. 111-19];

3) The CFTC provided the Court proof that it sent notice of service and a copy of the summons and Amended Complaint to Fingerhut's last known address via registered mail [ECF No. 111-20]; and

4) The CFTC filed an affidavit describing its compliance with the requirements of Florida Statute § 48.181(1) [ECF No. 111-1].

Accordingly, it is **ORDERED AND ADJUDGED** that 1) the CFTC's Motion for Substituted Service on Defendant Daniel Fingerhut [ECF No. 111] is **GRANTED**; and 2) the CFTC is authorized to serve all further filings in this matter through the CM/ECF filing system as long as Fingerhut has an attorney that has appeared in any capacity; alternatively, the CFTC may serve all future filings to Fingerhut's email address: Am3hut@gmail.com.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 24th day of June, 2020.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE