UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-21887-GAYLES

**COMMODITY FUTURES TRADING COMMISSION**,

    Plaintiff,

v.

**DANIEL FINGERHUT,
DIGITAL PLATINUM, INC.,
DIGITAL PLATINUM, LTD.,
HUF MEDIYA (A.K.A. HOOF MEDIA),
TAL VALARIOLA, and ITAY BARAK**,

    Defendants,

**AICEL CARBONERO**,

    Relief Defendant.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Plaintiff Commodity Futures Trading Commission's (the "CFTC") Second Motion for Alternative Service on Defendants Digital Platinum Ltd. ("DPL"), Tal Valariola, and Itay Barak (collectively, the "Israeli Defendants") (the "Motion") [ECF No. 106]. The Court held a hearing on June 25, 2020, where the CFTC waived its written reply to the Israeli Defendants' response to the Motion, [ECF No. 117], and the parties presented arguments on the Motion. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

**I.     BACKGROUND**

On May 5, 2020, the CFTC filed its Complaint for Permanent Injunction and Other Relief against Defendants Daniel Fingerhut, Digital Platinum, Inc., Huf Mediya (a.k.a Hoof Media, Ltd.,

1

"Huf"), and the Israeli Defendants. [ECF No. 1]. The next day, the CFTC filed expedited motions for preliminary injunction, [ECF No. 11], appointment of a temporary receiver, [ECF No. 12], and expedited discovery, [ECF No. 14]. On May 7, 2020, the Court granted in part the CFTC's motion for expedited discovery, [ECF No. 32], and appointed Melanie Damian as a temporary receiver (the "Temporary Receiver"), [ECF No. 33]. On May 26, 2020, the Court continued the appointment of the Temporary Receiver and vacated its discovery Order. [ECF No. 76]. A hearing on the CFTC's motion for preliminary injunction is set for July 28, 2020.

On May 15, 2020, the CFTC filed an Expedited Motion for Alternative Service for the Israeli Defendants, [ECF No. 51], and on May 27, 2020, the CFTC filed an Expedited Motion for Alternative Service for Huf, [ECF No. 78], (collectively, the "first service motions"). Because Israel and Bulgaria are signatories to The Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Convention"), the CFTC can perfect service upon the Israeli Defendants and Huf (collectively, the "Foreign Defendants") through Israel and Bulgaria's Central Authorities. *See* Fed. R. Civ. P. 4(f)(1) (allowing service by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Convention]").

At the time that the CFTC filed the first service motions, it had not attempted service for either of the Foreign Defendants through the Convention. For that reason, and because the CFTC had not alleged that the Foreign Defendants' addresses were unknown, that they were actively evading service, or that service via the Convention would cause undue delay, the Court denied the CFTC's first service motions on May 29, 2020. [ECF No. 83].

Since then, the following events relevant to the instant Motion have transpired: (1) the CFTC sent the original pleadings and summonses to the Israeli Defendants through the Convention

on May 29, 2020; (2) the service packets for the Israeli Defendants were received in Israel on June 1, 2020, but were held for security reasons and released from customs on June 10, 2020; (3) the CFTC filed an Amended Complaint on June 12, 2020; and (4) the CFTC sent the Amended Complaint and summonses to the Israeli Defendants through both the Convention and United Parcel Service ("UPS") on June 15, 2020. *See* [ECF No. 106 at 12–16].

Additionally, the Israeli authorities informed the CFTC that the estimated time for delivery to the Israeli Defendants is within one to four months from the time of receipt. [ECF No. 106-1 at 55]. On June 24, 2020, the CFTC filed a Notice of Proof and Status of Service on the Foreign Defendants, stating the results of its service via UPS: (1) Barak was served on June 19, 2020; (2) the Israeli Administration of Courts was served for the Israeli Defendants on June 23, 2020; (3) DPL has not been served; and (4) Valariola refused to accept the UPS package. [ECF No. 116].

Based thereon, the CFTC once again seeks authorization from the Court to serve the Israeli Defendants, pursuant to Federal Rules of Civil Procedure 4(f)(1)–(3) and (h)(2), via UPS, direct email, and email to counsel in the United States. [ECF No. 106]. The CFTC argues that sending process to the Israeli Defendants through UPS constitutes valid service under Rules 4(f)(1) and 4(f)(3) and that service via direct email and email to counsel is permissible under Rule 4(f)(3). For the reasons discussed below, the Court finds that the present circumstances warrant Court authorization for alternative service for the Israeli Defendants via UPS under Rule 4(f)(3).

**II.    DISCUSSION**

Pursuant to Rule 4(f), service on an individual outside of the United States may be made by (1) any internationally agreed means of service reasonably calculated to give notice, such as the Convention; (2) if there is no internationally agreed means, or if the international agreement allows but does not specify other means, by a method prescribed by the foreign country's law for

3

service, or as the foreign authority directs in response to letter rogatory or letter of request; or (3) by other means not prohibited by international agreement as ordered by the Court. Rule 4(h)(2) governs service on foreign corporations: service may be effectuated in "any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

"[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2) . . . Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (footnote omitted). The Court, thus, may authorize service under Rule 4(f)(3) "as long as the alternative method of service is not expressly prohibited by the Convention or objected to by the receiving state." *Codigo Music, LLC v. Televisa S.A.*, No. 15-CIV-21737, 2017 WL 4346968, at *7 (S.D. Fla. Sep. 29, 2017). Alternative service "must also comport with constitutional notions of due process." *Rio*, 284 F.3d at 1016. That is, it must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. (citation omitted).

Here, the Court finds that service through UPS for the Israeli Defendants is appropriate under Rule 4(f)(3). Resolving a circuit split on the issue, the Supreme Court made clear that the Convention allows for service by mail. *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) ("[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law.") (citing *Brockmeyer v. May*, 383 F.3d 798, 803–804 (9th Cir. 2004)); *see also Jones v. Invasix Inc.*, No. 3:19-CV-0860, 2020 WL 2542603, at *7 (M.D. Tenn. May 19, 2020) (analyzing *Water Splash* and stating that the only "otherwise-applicable law" for serving a business entity in Israel is under Rules 4(f)(2) or 4(f)(3)).

Israel is a signatory to the Convention and has not objected to service by mail. Considering that service through the Convention may take another few months and that a hearing is set on the CFTC's motion for a preliminary injunction for July 28, 2020, the Court finds that the CFTC has made a sufficient showing of urgency to justify alternative service via UPS. The Court also finds that service via UPS comports with due process. In light of the fact that the Israeli Defendants are represented by counsel who have made limited appearances in this case, service via UPS is reasonably calculated to apprise the Israeli Defendants of the pendency of this action and to afford them the opportunity to present their objections. Thus, the Court authorizes service via UPS for the Israeli Defendants under Rule 4(f)(3).[1]

Although the Court finds that alternative service via UPS is appropriate in this case, the CFTC has not perfected service upon the Israeli Defendants because the CFTC failed to obtain court approval prior to attempting alternative service. *See De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 751 (11th Cir. 2016) (holding that the district court erred in finding that the foreign defendant was properly served because the plaintiff failed to comply with Rule 4(f)(3) by seeking prior court authorization for service via FedEx). Now having proper authorization from the Court, the CFTC may again attempt service upon the Israeli Defendants via UPS under Rule 4(f)(3).

---

[1] The Court notes that it previously authorized service via mail under Rule 4(f)(1) in *TracFone Wireless, Inc. v. CNT Wireless LLC*, No. 1:19-CV-24325-DPG, 2019 WL 5863911, at *3 (S.D. Fla. Nov. 8, 2019). There, the Court granted the plaintiff's motion for alternative service before the defendant had made an appearance and based on the plaintiff's request for alternative service under Rule 4(f)(1). Here, the Court has the benefit of the Israeli Defendants' response to the instant Motion where they argue that service via UPS is permissible (albeit, not in this case) under Rule 4(f)(3), not Rule 4(f)(1). The Court agrees that Rule 4(f)(3) is the proper mechanism for authorizing alternative service through mail in cases where the Convention governs. In *Water Splash*, the Supreme Court concluded that the Convention *allows* for service via mail but made clear that its conclusion "d[id] not mean that the Convention affirmatively *authorizes* service by mail." 137 S. Ct. at 1513 (emphasis added). Therefore, because "Rule 4(f)(1) does not go beyond means of service affirmatively authorized by international agreements[,]" *Brockmeyer*, 383 F. 3d 804, Rule 4(f)(1) is inapplicable to the CFTC's request.

Additionally, the Court does not find that the circumstances in this case warrant service via direct email at this time. *See Rio*, 284 F.3d at 1018 (citing *Mayoral-Amy v. BHI Corp.*, 180 F.R.D. 456, 460 (S.D. Fla. 1998))) ("[W]e leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case."). In doing so, the Court follows the Eleventh Circuit's guidance in *Prewitt Enterprises, Inc. v. OPEC*: "Inasmuch as our Constitution requires that reasonable notice be given, *an earnest effort* should be made to devise a method of communication that is *consistent with due process* and *minimizes offense to foreign law*." 353 F.3d 916, 927 (11th Cir. 2003) (emphasis in original) (citing the 1993 Advisory Committee Notes to Rule 4(f)(3)).

Here, the CFTC does not provide the Court any evidence to counter the Israeli Defendants' claim that service via email is prohibited under Israeli law. *See* [ECF No. 64-1]. Therefore, in order to minimize offense to foreign law, the Court finds that service by direct email is inappropriate here where service via UPS provides a reliable method for serving the Israeli Defendants.[2] Additionally, as the Court stated in its last order concerning the CFTC's first service motions, the CFTC's request for authorization from the Court to serve the Israeli Defendants via email to counsel in the United States is concerning as counsel has only made appearances for the limited purpose of contesting service and jurisdiction. Therefore, it remains unclear whether counsel for the Israeli Defendants are authorized to accept service on their behalf.

---

[2] To be clear, the Court does not hold that "a district court *never* has discretion to direct service of process under Fed. R. Civ. P. 4(f)(3) that is in contravention of a foreign law." *Prewitt*, 353 F.3d at 928 n.21 (emphasis in original).

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the CFTC's Second Motion for Alternative Service on the Israeli Defendants, [ECF No. 106], is **GRANTED** as to its request to serve the Israeli Defendants via UPS.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 13th day of July, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE