## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:20-cv-21887-GAYLES/OTAZO-REYES

**COMMODITY FUTURES TRADING
COMMISSION**,

      Plaintiff,

v.

**DANIEL FINGERGUT, et al.**,

      Defendants,

**AICEL CARBONERO**,

      Relief Defendant.

_____/

### <u>DEFAULT FINAL JUDGMENT</u>

      **THIS CAUSE** comes before the Court on Plaintiff Commodity Futures Trading

Commission's ("CFTC") Motion for Final Judgment by Default, Permanent Injunction, Civil

Monetary Penalties, and Other Statutory and Equitable Relief against Defendants Digital Platinum,

Inc. and Huf Mediya, Ltd. ("Motion") [ECF No. 288].  The Court has considered the Motion and

the record and is otherwise fully advised. Based thereon, the Court finds that good cause exists for

entry of the Final Judgment.  Accordingly, the CFTC's Motion is **GRANTED**.  The Court further

finds and orders as follows:

### I.      FINDING OF FACTS AND CONCLUSIONS OF LAW

      1.      On May 5, 2020, CFTC filed a Complaint charging Defendants Daniel Fingerhut

("Fingerhut"), Tal Valariola, Itay Barak, Digital Platinum, Ltd., Digital Platinum, Inc., and Huf

Mediya, Ltd. ("Defendants") with violating Sections 4c(b), 4o(1), and 6(c)(1) and 6(c)(2) of the

Commodity Exchange Act ("CEA" or "Act"), 7 U.S.C. §§ 6c(b), 6o(1), 9(1), and 9(2), and

Commission Regulations ("Regulations") 32.4 and 180.1(a), 17 C.F.R. §§ 32.4, 180.1(a) (2021). [ECF No. 1].  The CFTC filed an Amended Complaint on June 12, 2020, adding allegations concerning service of process.  [ECF No. 101].  The Amended Complaint further alleged that Relief Defendant Aicel Carbonero ("Carbonero"), who was not charged with violations of the Act or Regulations, received funds and assets from Defendant Fingerhut to which Relief Defendant held no legitimate interest or entitlement and which were derived from Defendant Fingerhut's fraudulent and violative acts.

2.     On May 11, 2020, Defendant Digital Platinum, Inc. ("DPI") was properly served with the summons and Complaint pursuant to Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure by personally delivering and mailing a copy of the Complaint and summons to DPI's registered agent.  [ECF No. 62].  No later than December 18, 2020, Defendant Huf Mediya, Ltd. ("Huf" or "Huf Mediya") was properly served with process pursuant to Rule 4(l)(2)(A) by delivering a copy of the Complaint and summons in the manner set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. [ECF No. 207].

3.     On January 7, 2021, the Court entered a Preliminary Injunction against all Defendants, including DPI and Huf Mediya, that, among other things, authorized the freezing of assets held in the name of or under the control or management of the Defendants.  [ECF No. 199]. The Court's order entering the Preliminary Injunction also appointed Melanie Damian, Esquire, of the law firm Damian & Valori LLP, as a permanent receiver ("Permanent Receiver") in this action. *Id.* at 34.

4.     Defendants DPI and Huf Mediya failed to appear or answer the Complaint within the time permitted by Fed. R. Civ. P. 12(a)(1).  Accordingly, the CFTC filed motions for entry of

default against DPI and Huf Mediya on July 28, 2020, [ECF No. 139], and January 19, 2021, [ECF No. 217], respectively.  Pursuant to Rule 55(a), the Clerk of this Court entered defaults against Defendants DPI and Huf Mediya on July 29, 2020, [ECF No. 145], and January 20, 2021, [ECF No. 218], respectively.

5.      This Court has jurisdiction over this action pursuant to 7 U.S.C. § 13a-1, which provides that whenever it shall appear to the CFTC that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder, the CFTC may bring an action in the proper district court of the United States against such person to enjoin such act or practice, or to enforce compliance with the Act, or any rule, regulation or order thereunder.

6.      Venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e) because Defendants DPI and Huf transacted business in this judicial district, and the acts and practices in violation of the CEA and Regulations occurred, are occurring or are about to occur within this judicial district, among other places.

7.      The CFTC now moves for final judgment by default against Defendants DPI and Huf Mediya, an order of permanent injunctive relief, and the imposition of disgorgement and a civil monetary penalty.  [ECF No. 288].

8.      Under Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint.  "[A] defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206.  Upon a review of the

3

CFTC's submissions, and by virtue of the default and failure to respond to the Complaint, Defendants DPI and Huf Mediya are deemed to have admitted the allegations of the Complaint, and the CFTC has established liability against DPI and Huf Mediya and its entitlement to relief against both defendants. *S.E.C. v. Abatement Corp. Holding Co.*, No. 14-CV-23336, 2014 WL 5488760, at *1 (S.D. Fla. Oct. 29, 2014) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)).

It is **FURTHER ORDERED AND ADJUDGED** that:

## II.     PERMANENT INJUNCTION, DISGORGEMENT, AND CIVIL PENALTY

9.     Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendants Digital Platinum, Inc. and Huf Mediya, Ltd. are permanently restrained, enjoined, and prohibited from directly or indirectly:

    a.     Engaging in affiliate marketing, including the creation and dissemination of emails or other solicitation materials, concerning any "commodity interest," as that term is defined by 17 C.F.R. § 1.3 (2021), or any automated trading system concerning any commodity interest, in violation of Section 6c(1) of the Act, 7 U.S.C. § 9(1) and Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2021).

10.     Defendants Digital Platinum, Inc. and Huf Mediya, Ltd. are also permanently restrained, enjoined, and prohibited from directly or indirectly:

    a.     Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

    b.     Entering into any transactions involving commodity interests, for their own personal account or for any account in which they have a direct or indirect interest;

    c.     Having any commodity interests traded on their behalf;

4

d.  Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e.  Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

f.  Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2021); and/or

g.  Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2021)), agent, or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38)), registered, exempted from registration or required to be registered with the CFTC except as provided for in 17 C.F.R. § 4.14(a)(9).

11.  Defendants DPI and Huf shall pay, jointly and severally, disgorgement in the amount of three million, six hundred forty-four thousand, four hundred sixty-four dollars ($3,644,464) ("Disgorgement Obligation"), representing the gains received in connection with Defendants DPI and Huf's violations, described above.  If the Disgorgement Obligation is not paid immediately, then post-judgment interest shall accrue on the Disgorgement Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

12.  Defendants DPI and Huf shall make Disgorgement Obligation payments, and any post-judgment interest payments, under this Consent Order to the Permanent Receiver in the name "DPL Receivership Estate" and shall send such payments by electronic funds transfer, or

by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Permanent Receiver at the office of Damian & Valori LLP, 1000 Brickell Avenue, Suite 1020, Miami, Florida 33131, under a cover letter that identifies the paying Defendant(s) and the name and docket number of this proceeding.  Defendants DPI and Huf shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

13.    The Permanent Receiver shall oversee the Disgorgement Obligation and shall have the discretion to determine the manner of distribution of such funds equitably to Defendants DPI and Huf's customers identified by the CFTC or through her investigation and as approved by the Court or may defer distribution until the Permanent Receiver deems appropriate.  The Permanent Receiver shall propose a consolidated plan to distribute the disgorgement amount to the Court within ninety days of this Order's entry date.  If the amount of Disgorgement Obligation payments to the Permanent Receiver are of a de minimis nature such that the Permanent Receiver determines that the administrative cost of making a distribution to eligible participants is impractical, then the Permanent Receiver may, in her discretion, treat such disgorgement payments as civil monetary penalty payments, which the Permanent Receiver shall forward to the CFTC following the instructions for civil monetary penalty payments set forth below.

14.    Until discharged by the Court, the Permanent Receiver shall also provide the CFTC at the beginning of each calendar year with a report detailing the disbursement of funds. The Permanent Receiver shall transmit this report under a cover letter that identifies the name

and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

15.     To the extent that any funds accrue to the U.S. Treasury for the satisfaction of Defendants DPI and Huf's Disgorgement Obligation, such funds shall be transferred to the Permanent Receiver for disbursement in accordance with the procedures set forth above.

16.     Defendants DPI and Huf shall pay, jointly and severally, a civil monetary penalty in the amount of ten million, nine hundred thirty-three thousand, three hundred ninety-two dollars ($10,933,392) ("CMP Obligation").  If the CMP Obligation is not paid immediately, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

17.     Defendants DPI and Huf shall pay their CMP Obligation and any post-judgment interest, by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> CFTC
> C/O ESC/AMK-326; RM 265
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> (405) 954-6569 office
> (405) 954-1620 fax
> 9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Defendants DPI and Huf shall contact Jamie Stovall or her successor at the address above to receive payment instructions and shall fully comply with those instructions.  Defendants DPI and Huf shall accompany payment of the CMP Obligation

with a cover letter that identifies Defendants DPI and Huf and the name and docket number of this proceeding. Defendants DPI and Huf shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

18. With regard to any funds accumulated or collected by the Permanent Receiver, the funds shall be first distributed to satisfy the Disgorgement Obligation. Then the funds shall be distributed to satisfy the CMP if funds are available. Finally, the Permanent Receiver shall provide written notice in accordance with Paragraph 37 to Defendants DPI and Huf of any partial and complete satisfaction of these obligations.

19. Partial Satisfaction: Acceptance by the Commission/CFTC or the Permanent Receiver of any partial payment of Defendants DPI and Huf's Disgorgement Obligation or CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Order, or a waiver of the CFTC's right to seek to compel payment of any remaining balance.

20. Asset Freeze: On January 7, 2021, the Court entered a preliminary injunction as to all Defendants, including Defendants DPI and Huf, that prohibited the withdrawal, transfer, removal, dissipation, or encumbering of any funds, assets, or property held by Defendants DPI and Huf. (ECF No. 199 at 33 ¶ 6.) The court hereby lifts the preliminary injunction as it applies to Defendants DPI and Huf.

21. Notice: All notices required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

Notice to CFTC:

Robert T. Howell
Deputy Director, Division of Enforcement

8

Commodity Futures Trading Commission
525 West Monroe, Suite 1100
Chicago, IL  60661

Notice to Defendants Digital Platinum, Inc. and Huf Mediya, Ltd.:

     Digital Platinum, Inc. (by email)
c/o Jay Passerino (registered agent) (jay.passerino@gmail.com)

Huf, Ltd. (by UPS)
c/o Kiril Strahilov Angelov
village 13 Negovan
Nezabravka str., Bulgaria

All such notices to the CFTC or Defendants DPI and Huf shall reference this action's name and docket number.

22.    Change of Address/Phone:  Until Defendants DPI and Huf satisfy in full their Disgorgement Obligation and CMP Obligation as set forth in this Order, Defendants DPI and Huf shall provide written notice to the CFTC by certified mail of any change to its telephone number and mailing address within ten calendar days of the change.

23.    Invalidation:  If any provision of this Order or if the application of any provision or circumstance is held invalid, then the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

24.    Continuing Jurisdiction of this Court:  This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action, including any motion by Defendants DPI and Huf to modify or for relief from the terms of this Order.

25.    Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Order shall be binding upon Defendants DPI and Huf, upon any person under the authority or control of any of Defendants DPI and Huf, and upon any person who receives actual

notice of this Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants DPI and Huf.

It is **FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and over Defendants DPI and Huf Mediya to implement and carry out the terms of this Final Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of February, 2023.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record